PER CURIAM.
This matter is before the Court on petition for approval of conditional guilty plea to violations of Disciplinary Rule 3-102 of the Code of Professional Responsibility.[1] We approve the petition.
The record reflects that shortly after being admitted to The Florida Bar in 1973, respondent entered into an agreement with a nonlawyer for the division of fees received from prosecution of respondent’s sister-in-law’s medical malpractice action against her former doctor. The nonlawyer was a chiropractor and was to testify in the sister-in-law’s behalf. Four years later because he did not receive his fee, the chiropractor requested The Florida Bar to assist him in collection. Respondent asserts that the chiropractor originated the idea of the malpractice action and drew up the agreement for him to sign. Respondent also claims that he never intended to charge his sister-in-law for his services and that he did not scrutinize the agreement before signing it.
Upon respondent’s conditionally pleading guilty to a violation of Disciplinary Rule 3-102, the Board of Governors voted to tender a public reprimand to respondent. Since the events giving rise to the instant petition, respondent has had no complaints filed against him and assures us that he has studied the Code of Professional Responsibility to prevent any future violations. Mindful of this, we agree with the Board and accept The Florida Bar’s recommendation that respondent, Steven L. Sagrans, be publicly reprimanded. The publication of this Order in Southern Reporter shall serve as public reprimand.
Costs in the amount of $183.25 are hereby taxed against respondent, payable within ninety days of the Court’s order.
It is so ordered.
SUNDBERG, C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.

. Dividing Legal Fees with a Non-Lawyer
(A) A lawyer or law firm shall not share legal fees with a non-lawyer, except that:
(1) An agreement by a lawyer with his firm, partner, or associate may provide for the payment of money, Over a reasonable period of time after his death, to his estate or to one or more specified persons.
(2) A lawyer who undertakes to complete unfinished legal business of a deceased lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer.
(3)A lawyer or law firm may include non-lawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.
(B) A lawyer or a law firm may pay the discount charge incident to the use of an approved credit plan for financing legal fees, costs and expenses. The fact that reasonable fees charged a client may provide the funds with which to pay the discount charge for the plan shall not constitute a violation of this rule, provided that no separate or additional charge may be made for that purpose. See DR2-106(D).